# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY STOCKTON, | CASE NO. 1:10-cv-00662-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| D. TYSON, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Percy Stockton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California Correctional Institution in Tehachapi, California. However, the events described in Plaintiff's complaint occurred while he was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff names D. Tyson (correctional counselor), T. Billings (appeals coordinator), D. Foston (chief inmate appeals director), Accosta (correctional officer), and Pittman (correctional officer) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will dismiss the complaint, with leave to file an amended complaint which cures the deficiencies identified in this order.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

Plaintiff contends that Defendants denied or ignored various administrative appeals he filed at KVSP. On December 29, 2009, Plaintiff filed an appeal about his placement on C-Status, a punitive custody status. Plaintiff alleges that Defendant D. Tyson refused to accept the appeal and Defendant T. Billings falsely claimed that the appeal was a duplicate of another appeal. Plaintiff forwarded the appeal to Defendant D. Boston; Foston denied the appeal and referred Plaintiff back to Billings and Tyson.

On December 9, 2009, Plaintiff filed an appeal concerning the confiscation of his property. Plaintiff claims that Defendants Acosta and Pittman confiscated Plaintiff's property under direct orders from Tyson. Plaintiff claims that the confiscation was unlawful because the regulations allowed Plaintiff to possess the property. Plaintiff handed the appeal to Accosta and Pittman, but both officers refused to accept the appeal because Plaintiff did not receive a log number before filing

the appeal. Plaintiff complains that the policies they cited were incorrect. Plaintiff forwarded the appeal to Billings. Billings denied the appeal and told Plaintiff to resolve the first informal level of review before filing the appeal with him. Plaintiff attempted to give the appeal to Accosta and Pittman again, but they refused to accept the appeal. Plaintiff sent the appeal back to Billings and explained that Accosta and Pittman refused to answer the appeal. Billings returned the appeal to Plaintiff again.

On December 8, 2009, Plaintiff filed an appeal because he did not receive 72 hours' notice of a unit classification hearing regarding Plaintiff's placement on C-Status. Tyson denied the appeal and Billings cancelled the appeal.

On December 20, 2009, Plaintiff filed an appeal concerning the unlawful C-Status placement and the denial of "outside cell relief" or "yard exercise access." The appeal was denied by Billings. Billings stated that the appeal was a duplicate of another appeal that was screened out. Plaintiff claims that the second appeal should have been processed since the first appeal was screened out.

Plaintiff claims Tyson also "denied Plaintiff his right to restore credit loss" by refusing to answer Plaintiff's requests for credit restoration. Plaintiff claims that appeals were sent back to Plaintiff without being processed.

**III.     Discussion**

Plaintiff does not clearly set forth any causes of action in his complaint. Liberally construed, Plaintiff's claims are based on Defendants' failure to process Plaintiff's administrative appeals. However, the failure to process an administrative appeal is not in itself a violation of Plaintiff's constitutional rights.

Inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). The failure to process inmate appeals in accordance with state prison regulations is not in itself an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." The delay, denial, or screening-out of Plaintiff's inmate appeals, even if erroneous, is not an "atypical and significant hardship." Plaintiff has no protected liberty interest in the vindication of

his administrative claims. Since Plaintiff has no protected liberty interest in the processing or vindication of his administrative appeal, Plaintiff cannot state a claim under Section 1983 based solely on the allegation that prison officials delayed, denied, ignored, or screened-out his administrative appeals. Their actions do not rise to the level of a constitutional violation.

Even if Plaintiff's administrative appeal complained of a constitutional violation, as a general rule, Plaintiff cannot hold the appeals reviewer liable under Section 1983 for ruling against Plaintiff on the appeal because the denial does not cause or contribute to the underlying constitutional violation. A limited exception to this rule applies when a Plaintiff files an administrative appeal concerning an ongoing constitutional violation. If Plaintiff can establish that an appeals reviewer was aware of an ongoing constitutional violation and personally participated in the ongoing violation by failing to intervene, Plaintiff may be able to state a claim against that appeals reviewer. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff fails to allege any of the Defendants personally participated in any ongoing constitutional violations. Plaintiff has not alleged any facts to suggest that his placement on C-Status was an ongoing constitutional violation. Prison officials have wide discretion over custody decisions, and disciplinary actions will only invoke the constitutional protections of the Due Process Clause if the action results in the deprivation of a protected liberty interest. Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff has not alleged any facts that support the conclusion that disciplinary C-Status was an atypical and significant hardship.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence

1  in his defense, when permitting him to do so would not be unduly hazardous to institutional safety
2  or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the
3  issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff
4  requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th
5  Cir. 1994).

6  Plaintiff does not allege how his placement on C-Status was "false." It is unclear why
7  Plaintiff was being disciplined or whether Plaintiff received a separate disciplinary hearing related
8  to his segregation. Further, Plaintiff has not alleged that he was denied any of the Wolff procedural
9  protections and none of the defendants named in this action were involved in imposing the
10 disciplinary sentence. Plaintiff does allege that he did not receive 72-hour notice of the segregation
11 hearing; however, Wolff only requires 24 hours notice. Further, the 24-hour notice is only required
12 for the rules violation hearing. If Plaintiff received a separate segregation hearing after his rules
13 violation hearing, there would be no procedural issues with respect to the lack of notice. Finally,
14 even if there was an issue regarding lack of timely notice, Defendants could not be held liable
15 because any due process violation would have already occurred, and Defendants' actions in denying
16 Plaintiff's appeal after the fact cannot have caused or contributed to the underlying violation.

17 Similarly, Plaintiff claims that Defendants denied his appeals regarding the restoration of
18 good time credits. The deprivation of good time credits may state a claim under the Due Process
19 Clause if it extends the duration of Plaintiff's sentence. However, Plaintiff does not allege that the
20 deprivation of good time credits was done without adequate process. Plaintiff has not identified
21 what process he was denied. Further, Defendants were neither the prison officials who deprived
22 Plaintiff of the good time credits, nor the prison officials who did so without adequate due process.
23 Defendants' only role was the denial of Plaintiff's administrative appeal. Accordingly, Defendants'
24 actions did not cause or contribute to the underlying constitutional violation.

25 Plaintiff also filed appeals regarding the confiscation of his property. However, the
26 confiscation of his property did not rise to the level of a constitutional violation. The Due Process
27 Clause protects prisoners from being deprived of property without due process of law, Wolff v.
28 McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal

property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). However, whether a deprivation of property rises to the level of a constitutional violation depends on whether the deprivation was negligent or unauthorized. A negligent deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation process is impracticable since the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Similarly, an intentional, but unauthorized, deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available. Id. California Law provides an adequate post-deprivation remedy for any unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff alleges that the confiscation of his property was unauthorized. Therefore, his only remedy is through state law post-deprivation remedies, not through a Section 1983 action.

Finally, Plaintiff alleges that he filed appeals regarding the denial of "outside cell relief" and "yard exercise access." "'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'" Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)). Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment." Allen, 48 F.3d at 1087. To state a claim, Plaintiff must plead deliberate indifference by alleging that prison officials knew of and disregarded a substantial risk of serious harm to the prisoner. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Plaintiff's allegations are unclear. He has not alleged that he was denied all forms of outdoor exercise and how long he was denied outdoor exercise. Further, Plaintiff has not alleged that Defendants were aware that Plaintiff was denied outdoor exercise for so long that it posed a serious risk of harm to Plaintiff. Accordingly, Plaintiff fails to state any claims with respect to the denial of outdoor exercise.

**IV.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave

to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   November 22, 2010**                     /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE