# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY STOCKTON, | CASE NO. 1:10-cv-00662-SKO PC |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. 8) |
| D. TYSON, et al., | |
| Defendants. / | |

Plaintiff Percy Stockton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 9, 2010, Plaintiff filed a motion requesting the Court to order prison officials to make copies of Plaintiff's amended complaint and applications for writs of habeas corpus. (Doc. #8.) The Court will construe Plaintiff's motion as a request for a temporary restraining order/preliminary injunction. Plaintiff has consented to jurisdiction by the U.S. Magistrate Judge. (Doc. #6.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

///

1    "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
2    granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion."  <u>Mazurek v.
3    Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A
4    party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by
5    evidence.  With respect to motions for preliminary injunctive relief or for temporary restraining
6    orders, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

11   18 U.S.C. § 3626(a)(2).

12   Plaintiff seeks a temporary retraining order/preliminary injunction ordering prison officials
13   to make copies of Plaintiff's court documents.  However, Plaintiff has not met the requirements for
14   a preliminary injunction.  The Court notes that Plaintiff's complaint was dismissed on November
15   23, 2010, for failing to state a claim.  (Doc. #7.)  Plaintiff argues that the dismissal was erroneous,
16   but his arguments are not persuasive.  Thus, Plaintiff has not demonstrated that he is likely to
17   succeed on the merits of his claim.

18   Further, the Court notes that Plaintiff has not demonstrated that he will suffer irreparable
19   harm in the absence of the Court's intervention.  The Court advises Plaintiff that he may make
20   handwritten copies of his pleadings if he does not have access to copy services.  To the extent that
21   Plaintiff is attempting to make copies of exhibits for this litigation, Plaintiff is advised that the use
22   of exhibits is not required at the pleading stage of litigation.  Plaintiff is only obligated to provide
23   "a short and plain statement of [his] claim," Plaintiff is not obligated to prove the allegations in his
24   complaint at this stage.  Attaching a large number of exhibits to a complaint may result in the
25   complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will
26   render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.  Plaintiff has
27   not demonstrated why it is necessary to attach exhibits to his complaint.
28   ///

1  Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request which has been
2  construed as a request for a temporary restraining order/preliminary injunction ordering prison
3  officials to provide copies of Plaintiff's court documents is DENIED.

4

5  IT IS SO ORDERED.

6  **Dated:**   **December 13, 2010**                   /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE