# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY STOCKTON,<br><br>          Plaintiff,<br><br>    v.<br><br>D. TYSON, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:10-cv–00662-BAM PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 10)<br><br>THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Percy Stockton is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 23, 2010, an order issued dismissing the complaint, filed April 15, 2010, for failure to state a cognizable claim and granting Plaintiff an opportunity to file an amended complaint. (ECF No. 7.) Plaintiff filed an amended complaint on December 17, 2010. (ECF No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Correctional Institution, Tehachapi. The first eight pages of Plaintiff's amended complaint is the complaint which the Court found failed to state a cognizable claim. In the following pages Plaintiff sets forth his amended complaint.

Plaintiff was confined to C-status from December 4, 2009 through January 26, 2010. While out of his cell for a medical and law library appointment, Plaintiff was involved in a fight with another inmate. Plaintiff alleges that he was placed in administrative segregation and falsely charged with assault on an inmate with a weapon. Defendant Tyson placed Plaintiff on C status based upon two rule violation reports which allegedly violated the California Code of Regulations, Title 15 section 3044(F)(c). Additionally, Plaintiff did not receive the required 72 hour notice that he would be taken before the UCC. Plaintiff states that he previously served a sixty day C status term for a false rules violation report which violates double jeopardy. Plaintiff was deprived of out of cell relief for sixty days.

1  Plaintiff alleges that after he was wrongly found guilty of assaulting an inmate with a weapon
2  and placed on C status, Defendant Tyson instructed Defendants Accosta and Pittman to confiscate
3  all Plaintiff's personal property, including property he was allowed to possess while on C-status.
4  Plaintiff was left in his cell with only a bar of soap, toothbrush, tooth powder, towel, boxers, t-shirt,
5  socks, mattress, and bedding.  Plaintiff alleges that Defendants Tyson, Accosta, and Pittman
6  conspired with Lt. Castro to unlawfully punish Plaintiff and that the placement in C status created
7  an atypical and significant hardship upon him. Defendant Accosta refused to restore Plaintiff's time
8  credits. Defendant Billings has wrongfully rejected over 100 of Plaintiff's inmate appeals. Plaintiff
9  alleges violations of the First, Fourth, Eighth, and Fourteenth Amendments and seeks monetary
10  relief.

11  For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.
12  Since Plaintiff has set forth new allegations and has not previously been given the legal standard,
13  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies
14  described by the Court in this order for his First Amendment claims.

15  **III.  Discussion**
16      **A.  First Amendment**
17          **1.  Retaliation**

18  Plaintiff states Defendant Tyson retaliated against him by placing Plaintiff on C status while
19  knowing that he had previously served a C-status term for the false rule violation report. However,
20  Plaintiff fails to allege facts that adverse action was taken because of his protected conduct. Rhodes
21  v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).   Additionally there are no facts alleged that any
22  action chilled the exercise of his First Amendment rights and did not reasonable advance a legitimate
23  correctional goal." Rhodes, 408 F.3d at 567; accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.
24  2009).

25          **2.  Grievance Procedure**

26  Inmates have a fundamental constitutional right of access to the courts, Lewis v. Casey, 518
27  U.S. 343, 346, 116 S. Ct. 2174, 2177 (1996), which extends to established grievance procedures,
28  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) overruled on other grounds by Shaw v. Murphy,

3

1  532 U.S. 223, 230, n.2, 121 S. Ct. 1475 (2001).  The right is merely the right to bring to court a
2  grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions,
3  and civil rights actions.  Lewis, 518 U.S. at 354, 116 S. Ct. at 2181-82.  To bring a claim, the
4  plaintiff must have suffered an actual injury by being shut out of court.  Christopher v. Harbury, 536
5  U.S. 403, 415, 122 S. Ct. 2179, 2186-87 (2002); Lewis, 518 U.S. at 351, 116 S. Ct. at 2180.

6  Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff
7  to respond to his appeals or based on the rejection of his appeals by staff.  Plaintiff does not have a
8  constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334
9  F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Plaintiff has
10 failed to state a cognizable claim because he has not alleged any facts demonstrating that he suffered
11 an actual injury to qualifying litigation.

12     **B.     Fourth Amendment**

13 "[T]he fourth amendment does not protect an inmate from the seizure and destruction of his
14 property."  Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989); see also Seaton v. Mayberg, 610
15 F.3d 530, 534 (9th Cir. 2010) (traditional right of privacy is fundamentally incompatible with
16 continual surveillance of inmates and their cells for internal security).  "This does not mean a
17 prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and
18 fourteenth amendments."  Taylor, 871 F.2d at 806.

19     **C.     Eighth Amendment**

20 To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
21 conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452
22 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981).  A prisoner's claim does not rise to the level of an
23 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
24 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
25 indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett
26 v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  This requires the plaintiff to
27 "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective
28 showing that the deprivation occurred with deliberate indifference to the inmate's health or safety."

Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk."  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982 (1994)).

While some items were removed from Plaintiff's cell, he was provided with a bar of soap, toothbrush, tooth powder, towel, boxers, t-shirt, socks, mattress, and bedding.  Plaintiff's allegations do not rise to a deprivation of the "minimal civilized measure of life's necessities."  Toguchi, 391 F.3d at 1057.  Plaintiff's claims that he was deprived of personal property, including reading material, and was denied out of cell relief do not show that he was deprived of something sufficiently serious, nor does Plaintiff allege facts that he was at a "substantial risk of serious harm."  Thomas, 611 F.3d at 1150.  Plaintiff has failed to state a cognizable claim for a violation of the Eighth Amendment.

**D.     Fourteenth Amendment - Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005).  In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought.  Id.  The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995).  However, a state may "create liberty interests which are protected by the Due Process Clause."  Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2299-00.  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974).  Plaintiff has not alleged that he was deprived of any of the five minimal procedural requirements set forth in Wolff.  Plaintiff has not corrected the discrepancies

found in the prior order dismissing his complaint for failure to state a claim and has failed to state a cognizable claim for a violation of his due process rights.

### 1. False Rule Violation Reports

Plaintiff's allegations that false reports submitted against him fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, as previously stated, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556, 94 S. Ct. at 2975.

### 2. Title 15 Regulations

Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986)). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

### 3. Prison Grievance Process

Plaintiff alleges that his grievances have been falsely denied as duplicative. There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff has failed to state a cognizable claim as the failure to process an inmates grievance, "without more, is not actionable under section 1983." Buckley, 997 F.2d 495.

### 4. Conditions in Administrative Segregation

Plaintiff alleges that his due process rights were violated by being placed on C-status in

administrative segregation. The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin, 515 U.S. 472, 115 S. Ct. 2293 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091. The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, Plaintiff must first have a liberty interest at stake. Plaintiff fails to allege any facts to support the conclusion that his placement in administrative segregation or on C-status was an atypical and significant hardship or to establish the existence of a liberty interest in remaining free from administrative segregation. Sandin, 515 U.S. at 484, 115 S. Ct. at 2300; see also May, 109 F.3d at 565(convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Because Plaintiff has not established the existence of a liberty interest in remaining free from administrative segregation or placement on C-status, Plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

In summary, because Plaintiff does not have a liberty interest in remaining free from administrative segregation, Plaintiff was not entitled to any procedural due process protections, and may not, therefore, pursue a claim for relief for deprivation of procedural due process. Further, even if Plaintiff did have a liberty interest in remaining free from administrative segregation Plaintiff has failed to allege that he was not provided with all of the process he was entitled to under federal law. That Defendants may have failed to comply with state regulations is not grounds for relief under §

1983 for deprivation of due process. Plaintiff is entitled to very limited due process protections under federal law with respect to placement in administrative segregation. See Toussaint, 801 F.2d at 1100-01.

### 5. Personal Property

Additionally, Plaintiff complains that all of his personal property was removed from his cell and he was only allowed state issued property. Depriving an inmate of his personal property following conviction for a rule violation would not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan, 83 F.3d at 1088. "Property interests are created by state law." Nevada Dept. Of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011). A property interest that has been recognized and protected by state law triggers due process protections. Board of Regents v. Roth, 408 U.S. 564, 544, 92 S. Ct. 2701, 2709 (1972) (Property interests "are created and their dimensions are defined by exiting rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits"). Once a property interest is created requiring the property to be forfeited "without appropriate procedural safeguards" would violate due process. Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003).

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Under California law an inmate may possess state issued property items and authorized personal property items in his cell. Cal. Code Reg., tit. 15 § 3190(a). Plaintiff alleges that his personal property, which he was allowed to possess by prison regulation, was removed from his cell. Plaintiff is alleging an intentional unauthorized confiscation of his property and Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533, 104 S. Ct. 3203. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim.

**6.     Time Credits**

To the extent that Plaintiff attempts to allege a violation under section 1983 regarding his loss of time credits, he fails to state a cognizable claim. The Due Process Clause does not give a prisoner a liberty interest in receiving good time credits, however a state may create a liberty interest by statutory provision. Sandin, 515 U.S. at 480, 115 S. Ct. at 2298; Wolff, 418 U.S. at 557, 94 S. Ct. at 2975. When a prisoner is challenging the legality or duration of his custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Where the action is brought to restore time credits, the effect is to shorten the term of confinement and the action would need to be brought by habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S. Ct. 1242, 1246 (2005). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82, 125 S. Ct. at 1247-48.

To the extent that Plaintiff is alleging the rule violation conviction caused the loss of time credits, he is challenging the legality or duration of his custody. Since the success of this claim would necessarily demonstrate the invalidity of his confinement or its duration, the sole remedy available to Plaintiff for his loss of time credits is a writ of habeas corpus.

**E.     Double Jeopardy**

The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.'" Kansas v. Hendricks, 521 U.S. 346, 369, 117 S. Ct. 2072, 2085 (1997) (quoting Witte v. United States, 515 U.S. 389, 396 (1995)). These protections govern prosecutions and sentences carried out in state and federal court based on criminal charges. This Court is aware of no authority for the proposition that the Double Jeopardy protections apply to administrative decisions by prison officials to segregate their inmates, or indeed that these protections apply in any context other than state or federal court.

///

### F. Conspiracy

Plaintiff alleges that Defendants Tyson, Accosta, Pittman and Lt. Castro conspired to punish Plaintiff "outside legal authority." A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants. Further, Plaintiff has not alleged facts demonstrating that Defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that Defendants conspired to violate an underlying constitutional right.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, Plaintiff has now filed two complaints, with assistance from the Court, without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above, with the exception of Plaintiff's First Amendment claims, are not capable of being cured by amendment, and therefore leave to amend should not be granted for those claims. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is granted leave to file an amended complaint on his First Amendment claims within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by

adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed December 17, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Plaintiff's Fourth, Eighth, and Fourteenth Amendment claims are dismissed, with prejudice, for failure to state a claim;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint bringing his First Amendment claims; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 27, 2011**          /s/ **Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE